UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Tidal Vision Products, Inc.,                                              Case No. 3:25-cv-1707

          Plaintiff,

    v.                                                                         ORDER


Mark T. Dodd,

          Defendant.


Plaintiff Tidal Vision Products, Inc., filed a motion for a temporary restraining order

prohibiting Defendant Mark T. Dodd from:

> using or disclosing any trade secrets or proprietary information of Tidal but not
> limited to Tidal Vision's trade secrets and technical and proprietary information that
> were acquired, learned, or known by Dodd during and as a result of his employment
> by Tidal Vision or as an independent contractor, requiring Dodd to preserve all
> devices upon which he may have stored Tidal Vision's trade secrets or proprietary
> information, and enjoining Dodd from wrongfully competing with or otherwise
> interfering with Tidal Vision's business interests.

(Doc. No. 2 at 13).

Federal Civil Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to
> the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate
>> and irreparable injury, loss, or damage will result to the movant before the
>> adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and
>> the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

I held a hearing by telephone with counsel for Tidal Vision and Dodd on August 15, 2025. During that conference, defense counsel represented Dodd does not object to the issuance of the temporary restraining order.  Dodd's decision not to object to the temporary restraining order does not waive any objection or defense he may present during the remainder of this litigation.

I have reviewed Tidal Vision's Verified Complaint and its motion for a temporary restraining order.  I conclude Tidal Vision will likely succeed on the merits of its claims, that Tidal Vision will suffer irreparable loss if a temporary restraining order is not granted, and that the issuance of a temporary restraining order is necessary to preserve the status quo and protect Tidal Vision's rights.

Therefore, I grant Tidal Vision's motion for a temporary restraining order.  It hereby is ordered that Defendant Mark T. Dodd is restrained and enjoined from violating his contracts during the pendency of the case, including by misusing Tidal Vision's confidential customer or vendor lists or other information; by disclosing Tidal Vision's confidential information to any party; or by soliciting or attempting to induce Tidal Vision's current or prospective customers, employees, vendors, investors, or other parties to cease doing business with Tidal Vision and instead do business with a competing business.

Pursuant to Rule 65, this Order shall expire 14 days from the date of this Order, unless extended for good cause or by consent.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge

2